Dear Ms. Douglas:
Your inquiry is restated as in your correspondence:
 May the Lafayette Areawide Planning Commission use public monies to reimburse its employees for taking job-related educational courses?
LSA-Const. Art. VII, Sec. 14 (1974) prohibits the donation of public funds to any public or private person or association. This constitutional norm is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." City of Port Allen v. Louisiana Risk Management Agency, et al., 439 So.2d 399 (La. 1983), at page 401. This office has interpreted Article VII, Section 14 to require that the use of public funds not only be sanctioned by a legal duty or obligation, but serve a public purpose and create a public benefit not disproportionate to the value of the public funds expended.
Attorney General Opinion 90-63 addressed the propriety of the use of public funds for professional development and maintenance of skills by public officers and employees. Pertinent to this discussion is the conclusion of the author of Opinion 90-63:
 A public official's legal obligation to provide continuing professional education and training for himself and his staff, using public funds, is a function of the nature of the duties and obligations of his office which he and his staff are required to perform. . . . Implicit in the constitution and laws granting a public official or employee duties to perform, and powers to fulfill those duties, is a strong public policy that public funds may legitimately be used to assist such a public official to acquire, cultivate, or improve the professional skills and scope of knowledge necessary for him or her to exercise those powers and duties wisely, competently, efficiently, and above all, for the public good.
We continue to adhere to this conclusion, that where required by the nature and complexity of the duties of a public office, public funds may be used to pay the cost of continuing professional education and training for officials and employees. For this reason, we conclude that the employees of the LAPC may be reimbursed expenses for taking job-related course instruction, in order to become skilled to sufficiently accomplish the duties with which they are charged.
We have been provided a copy of the policy of the LAP concerning employee qualifications to receive financial assistance for educational instruction. The policy statement requires that the class "directly relate to the employee's present job performance/duties". Although this requirement is facially in accordance with the conclusion of this office, the validity of reimbursement would have to be examined on a case-by-case basis, in light of the particular duties charged an employee or official, and the nature of the classes in which that individual is enrolled.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ 90-180